The act of Assembly was evidently (62) intended to prevent a deliberate or a wanton setting fire to the woods by the owner of land, without giving the requisite notice. It certainly did not contemplate the case of a man setting fire to his own woods to save his property or his land from the ravages of an approaching fire. To make the firing in such a case unlawful without notice was to compel a man to become a passive spectator of the destruction of his own property.
It is then only in cases where a notice must be given that the penalty can be incurred for not taking effectual care to extinguish the fire. If a person does not come within the act he cannot be liable for not doing anything enjoined by it; and the obligation to take effectual care is imposed on those only who are bound to give notice. There is another reason for this construction. The act requires effectual care to be taken to *Page 38 
(63) extinguish the fire, so that the party must extinguish it at all events, otherwise his care is ineffectual and he must pay the penalty. Although this might perhaps be exacted from a person who is at liberty to choose his own time to set the fire, and who may accordingly provide himself with the aid of his neighbors to prevent its spreading, yet it would be unreasonable to expect it from one who fires the woods from a sudden emergency and in his own defense. Nor is there any necessity for so harsh a construction of the law, for a person injured by the negligence of him who does the act has a remedy at common law. I therefore think the judgment ought to be reversed.