Battle, J.
 

 We dissent from the opinion expressed by his Honor in the Court below, that the “ old field grown up in broom-sedge and pine-bushes was not
 
 ‘
 
 woods,’ ” within the meaning of the Revised Code, ch. 16, sec. 1. According to the testimony of the witnesses, this old field had formerly been cleared, enclosed, and cultivated, but at the time when it was set on fire and burnt, the fences were down, and the land, in the common parlance of the country, said to be
 
 turned
 
 out, and grown up in broom-sedge and pine-bushes, some of which were as tall as a man’s waist, and others as high as his head. It was entirely surrounded by forest-land which on every side lay contiguous to it. It is certain that the set
 
 *5
 
 ting fire to such a parcel of land, without a timely notice to the adjacent proprietors was likely to be attended by all the mischiefs which the statute intended to prevent, and we think it would be a strained construction of the language of the act, to confine it to wood-lands never before cleared, enclosed and ■cultivated. In the recent case of
 
 Averitt
 
 v. Murrell, 4 Jones’ Rep. 322, we said that
 
 “
 
 the term woods, as used in the statute, means forest lands in their natural state, and is used in contradistinction to lands cleared and enclosed for cultivation.” We therefore held, in that case, that the burning of log-heaps in one’s own enclosed field could not be called burning his woods. There may be some ambiguity in the use of the terms
 
 “
 
 forest lands in their natural state,” and it may perhaps be doubted whether they can properly be applied to an old field, once enclosed and cultivated, but now turned out and grown up in grass and bushes. However this may be, it is clear that such old fields are as properly contra-distinguished from
 
 “
 
 lands cleared and enclosed for cultivation,” as “ forest lands in their natural state,” and we cannot perceive any reason why the statute should not embrace the one kind of lands as well as the other. Each is a species of “ woods” or “ wood-lands,” and as the mischief likely to result from burning the one is as great as that of the other, the statute never could have intended to make any difference between them.
 

 Thinking that his Honor erred in holding otherwise, his judgment must be reversed, and a
 
 venire de novo
 
 granted.
 

 PeR CueiaM, Judgment reversed.