GEORGE ACHENBACH v. THOMAS P. JOHNSTON.

*Field—Burning Woods—Penalty.*

A field grown up in broom-sedge and wire-grass, surrounded by an old fence and used as a pasture, is not "woods" within the meaning of the statute, Bat. Rev. ch. 13, § 1; and the owner burning off the same is not liable to the penalty imposed by the act for an alleged injury to an adjoining proprietor.

(*Hall* v. *Crawford*, 5 Jones, 3, cited, distinguished and approved.)

CIVIL ACTION tried at August Special Term, 1880, of ROWAN Superior Court, before *McKoy, J.*

The action was brought to recover damages for an injury alleged to have been caused by the defendant in burning off the broom sedge on his land when there was a strong wind blowing towards the land of plaintiff, which by the alleged negligence of defendant caused the fire to be communicated to plaintiff's fence, destroying a part of the same. The defendant denied the allegation of negligence, and among other things averred that he and five other persons used every effort to prevent the fire from spreading so as to injure the plaintiff.

The evidence tended to show that the defendant's land (burned off) consisted of a field grown up in broom sedge and wire grass, surronnded by an old fence and used as

pasture land.  There was no evidence that defendant notified plaintiff of his intention to burn off the field, but there was evidence showing that after the fire reached plaintiff's land, the defendant used great diligence in trying to prevent its spreading and injuring plaintiff's fences.

The plaintiff's counsel asked the court to charge the jury that the policy of the law (Bat. Rev. ch. 13) forbids any one from setting fire to his woods unless two day's written notice is first given to all persons owning adjoining land, which the court gave, but added that there was no evidence that the defendant had set fire to his woods, to which the plaintiff excepted.  The jury found the issues in favor of defendant, judgment, appeal by plaintiff.

*Mr. J. M. McCorkle,* for plaintiff.
No counsel for defendant.

RUFFIN, J.  The question presented in this case is, whether "a field grown up in broom sedge and wire grass, surrounded by an old fence and used as a pasture," can be construed to be "woods" within the meaning of the statute. Bat. Rev. ch. 13, § 1.   His Honor below held that it could not, and we concur in his opinion.

The case of *Hall* v. *Crawford,* 5 Jones, 3, in which it was held that "an old field which had been turned out *without any fence around it and which had grown up in broom sedge and pine bushes, some of which were waist-high and others head-high,"* did come within its meaning, stretched the doctrine of being liberal in construing statutes in order to reach the mischief intended to be remedied, as far as it is safe to follow. We therefore hold that in the ruling of the superior court there was no error.

No error.                                  Affirmed.