I. M. MIZZELL v. BRANNING MANUFACTURING COMPANY.

(Filed 21 February, 1912.)

**1. Railroads—Rights of Way—Burning—Negligence—Evidence.**

The plaintiff having introduced evidence tending to show that his lands had been burnt over and damaged by fire communicated to it by a high wind from a right of way whereon straw, trash, tree-tops, etc., had been permitted to accumulate, and which was being burnt over by the defendant, it was for the jury to consider, in this case, upon the issue of negligence, the condition of the right of way, the time of the year, the state of the weather, whether the defendant's agents could sooner have employed the method which had proved sufficient for extinguishing the fire, and all the attendant circumstances; and though the evidence was slight, it was held to be sufficient.

**2. Appeal and Error—Instructions—Presumptions.**

When the charge of the court is not made a part of the case on appeal, an exception that it incorrectly instructed upon the evidence will not be considered.

**3. Railroads—Rights of Way—Burning—Negligence—Evidence— Presumptions—Prima Facie Case.**

When in an action to recover damages to his lands caused from the defendant's burning off its right of way, the plaintiff has shown his damage from the cause alleged, which ordinarily does not produce damage, he makes out a *prima facie* case of negligence, which cannot be repelled but by proof of care, or some extraordinary accident which makes care useless.

**4. Burnings—Interpretation of Statutes.**

Revisal, sec. 3346, does not apply to the burning off of a right of way by a railroad company whereon straw, trash, tree-tops, and stubble had been allowed to accumulate; nor does the statute apply unless the firing is voluntary or intentional, and not merely accidental or necessary.

**5. Appeal and Error—Jurors—Relationship—Motion in Supreme Court.**

> *Quære*, whether a motion for a new trial, made in this Court for the first time, should be granted because of the relationship of a party to the action to a juror, who had denied such relationship when challenged, the relationship being afterwards discovered.

**6. Nonsuit—Evidence, How Considered.**

> Upon a motion to nonsuit, the whole evidence will be construed in the light most favorable to the plaintiff.

APPEAL from *Justice, J.,* at September Term, 1911, of BERTIE.

This action was brought to recover damages for burning timber on the plaintiff's land. The defendant's servants, under the instructions of the section-master of its railway, were "burning off" the right of way, where much straw, trash, tree-tops, and stubble had been allowed to accumulate. It was in March, 1910, when it was very dry, and a high wind arose and swept the fire into the dry tree-tops nearby, from which and the right of way it was carried to the plaintiff's land, and burned over his land.

One of the plaintiff's witnesses testified: "It was very dry, and the wind got up about 12 o'clock. Fire got out from where we were burning. We were firing and whipping out. It got out behind us in tree-tops and made a big fire. We tried to put it out, but couldn't. It got out about 12 o'clock and burned till night. This fire burned on plaintiff's land. White and others stopped it by firing against it. White is superintendent of defendant's road. He brought his hands. Foreman was there and three others." He also said that it was a big fire and the wind caused the trouble. There was other evidence in the case not necessary to be stated.

The charge of the court is not set out in the record, except the special instructions given at the request of the defendant. Its counsel asked the court to charge the jury as follows:

1. If they believe the evidence, they will answer this issue in favor of the defendant—that is to say, the second issue "No."

2. Under the evidence, the plaintiffs cannot recover in this cause.

3. The defendant is no more liable than any other citizen of Bertie County would be under the same circumstances; and if the defendant was ordinarily careful in burning over its right

of way, and the fire got out by reason of an unforeseen wind, then there can be no recovery against the defendant, and you will answer the second issue "No."

4. If the jury find from the evidence in the case that the employees of the defendant exercised reasonable and prudent care in burning off the right of way, and by unexpected rise of wind the fire got beyond their control and burned over the lands of the plaintiffs, you will answer the second issue "No."

The court gave the instructions contained in the third and fourth prayers, and refused the others, and defendant excepted.

We find this statement in the case: "The other evidence was as to the amount of damages, and is not pertinent to this appeal, as only one question is presented, and that is the refusal of the judge to nonsuit the plaintiff."

The jury returned the following verdict:

1. Are plaintiffs the owners of the land described in the complaint? Answer: Yes.

2. Did defendant wrongfully and negligently injure the plaintiffs' land, as alleged in the complaint? Answer: Yes.

3. What damages, if any, are the plaintiffs entitled to recover of the defendant? Answer: $750.

A motion for a new trial having been overruled and judgment entered upon the verdict, the defendant appealed.

*Walter R. Johnston and John H. Kerr for plaintiff.*
*Winston & Matthews for defendant.*

WALKER, J. The case does not make it very clear whether the expression, "the other evidence was as to the amount of damages," refers only to the plaintiff's evidence or to the entire evidence. If the former is the true meaning, we could not decide that there is no evidence of negligence, without knowing what was the evidence introduced by the defendant, for on a motion to nonsuit, the plaintiff has the right to have all of the evidence considered by us in the view most favorable to him. The appellant should have relieved us of any uncertainty in this respect. But the evidence, as stated in the case on appeal, was properly submitted to the jury, and under proper instructions, as we must assume, the charge of the court not having been made a part of the case.

The defendant's counsel seem to have understood that it was necessary for the jury to find, upon the evidence, that the burning on the right of way was done carefully, and that there was no negligence of the defendant in burning the stubble and other combustible material, which contributed to the injury of which the plaintiff complains.

The instructions asked for as regards the rising of the wind, which carried the live sparks into the dry tops of the trees and to the plaintiff's land, where his timber was burned, were given as requested by the defendant, and the court, in the general charge, may have instructed the jury even more favorably for the defendant.

Whether, upon the evidence, the defendant acted with ordinary care and prudence, was a question for the jury, and they could consider all the circumstances, the condition of the right of way, the time of the year, the state of the weather, the fact that defendant's servants left fire behind them that might spread to plaintiff's land by force of the wind or otherwise, and any other fact or circumstance bearing upon the question of due care. The evidence of negligence may have been slight, but we cannot say that there was none. It was the province of the jury to weigh it, under proper instructions of the court as to what would constitute negligence. "When the plaintiff shows damage resulting from the act of the defendant, which act, with the exercise of proper care, does not ordinarily produce damage, he makes out a *prima facie* case of negligence which cannot be repelled but by proof of care, or some extraordinary accident which makes care useless." *Chaffin v. Lawrence,* 50 N. C., 179; *Aycock v. R. R.,* 89 N. C., 321; *Haynes v. Gas Co.,* 114 N. C., 203; and especially *Moore v. Parker,* 91 N. C., 275.

Whether, in dealing with a dangerous agency, the defendant used ordinary precaution to protect adjacent property, and whether, when the danger became imminent, it resorted to such means as the situation suggested to prevent the injury, were questions for the jury. It seems that Superintendent White stopped the conflagration by "firing against it." It might well be argued that had this method been employed in the beginning,

or sooner than it was, the spread of the fire would have been prevented, and, at least, the loss to the plaintiff would have been diminished.

We do not think Revisal, sec. 3346, applies to the facts. The defendant did not "set fire to any woods," within the meaning of that statute. The statute refers to woodland. *Averitt v. Murrell,* 49 N. C., 322. It was held in *Achenbach v. Johnston,* 84 N. C., 264, that "a field grown up in broomsedge and wiregrass" was not woods within the intent of the statute, and it was said that the case of *Hall v. Cranford,* 50 N. C., 3, stretched the doctrine of liberal construction, in order to reach the mischief intended to be remedied, as far as it is safe to follow; and we concur in that view. Nor does the statute apply unless the firing is voluntary or intentional, and not merely accidental or necessary. *Averitt v. Murrell,* 49 N. C., 322; *Tyson v. Roseberry,* 8 N. C., 60; *Lamb v. Sloan,* 94 N. C., 534.

Defendant moved in this Court for a new trial, alleging that the jurors were asked if any of them were related to the plaintiff, to which they answered "No," and that since the trial it has been ascertained that one of the jurors was so related. We will not decide the question as to whether the motion should be made in this Court or in the court below, for assuming that we have jurisdiction, it is addressed to the discretion of the court, as we have so often held, and we would not be disposed, under the facts and circumstances of this case, to exercise our discretion in favor of the defendant and grant a new trial for the reason assigned. *S. v. Maultsby,* 130 N. C., 664; *S. v. Lipscomb,* 134 N. C., 689, and cases cited.

No error.