## PRUITT v. WILLIAMS.—106 S. W. (2d), 892.

Middle Section. January 23, 1937.

Petition for Certiorari denied by Supreme Court, June 17, 1937.

W. H. Crowell and James B. Crowell, both of Shelbyville, and Joseph Higgins, of Nashville, for paintiff in error, Pruitt.

Edwin T. Nance, of Shelbyville, for defendant in error, Mrs. Williams.

CROWNOVER, J. This action was brought by the plaintiff, Mrs. Williams, to recover damages for the negligent burning, by the defendant, of her houshold goods and other personal property, when the house in which she was living as a tenant was ignited by sparks from a burning woods belonging to the defendant, the woods having been set fire to by defendant's servants.

The action originated in a justice of the peace court where the plaintiff sued for $499.99 damages. The warrant contained three counts, two averring violation of statutes, and one a common-law count. The first count averred that the defendant, through his agents, servants, or employees, negligently and carelessly and in violation of the statute set fire to a dry thicket on his own lands, on which there was standing timber, down timber, brush piles and grass, which were extremely dry and highly inflammable; that the sparks thereof, being blown by the wind, ignited a house on the adjacent land belonging to Olin Smith, which the plaintiff, Mrs. Williams, was occupying as a tenant, and the same was destroyed, burning household goods and personal property belonging to her. The second count averred that the defendant set fire to woods on his own land, adjoining the land of Olin Smith, without giving two days' notice to persons owning the adjacent lands, and also taking effectual care to extinguish such fire before it extended beyond his own lands; that said fire caused the burning of a house on the land of Olin Smith, occupied by the plaintiff, resulting in the destruction of her houshold goods, and other personal property. The third count averred that the defendant, through his agents, servants, or employees, carelessly and negligently set on fire a thicket on his own lands, which contained standing timber, down timber, grass, and brush piles; that said fire was set without using due diligence and proper precautions, and with-

out observing the direction of the wind; that the brushes, etc., were extremely dry and highly inflammable; that a frame house belonging to Olin Smith and occupied by the plaintiff was northeast of the thicket, and the wind was blowing from the southwest; the flames were fanned by the wind and sparks bown in the direction of the house, which ignited the roof, destroying the house and contents.

The justice rendered judgment for the plaintiff, Mrs. Williams, for $499.99. On defendant's appeal to the circuit court the case was tried by the judge and a jury.

After the judge charged the jury the defendant requested the court to instruct the jury to disregard the second count of the warrant, which the court declined to do.

The jury returned a verdict for the plaintiff and against the defendant for $499.99 and judgment was entered accordingly.

Motion for a new trial having been overruled, the defendant appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The trial judge erred in refusing to charge the defendant special request, which was as follows:

"You are instructed by me to disregard the second count of the warrant for the reason that the only conclusion to be drawn from the evidence is that the place where the fire started was not a 'woods' in the sense of the statute."

(2) There is no evidence to support the verdict.

(3) The court erred in admitting the testimony of the plaintiff that she heard Mullins tell the Pruitt boy: "I told you not to do it."

(4) The court erred in charging the jury as follows:

"Fire being a dangerous element a degree of care is required in making use of it corresponding to the danger. It may be employed lawfully for all purposes for which it is useful upon one's own premises subject only to the condition of due care. By due care is meant that degree of care corresponding to the danger, and it requires circumspection not only as to time and place of starting a fire, but in protecting against its spread afterwards. You must do it at the proper time and in a suitable manner and use proper care and diligence to prevent its spread. The time may be suitable and the manner prudent, yet if he be guilty of negligence and it spreads in consequence of such negligence, he is liable for damages for injuries done."

"It is immaterial whether the fire spread by running along the ground or sparks carried by the wind. Setting fire under certain circumstances is prohibited because of the great danger of injurious consequence. Whoever thus sets a fire must take all consequences directly and proximately resulting from the setting of the fire, which results in injuries to others or their property."

(5) "It was error for the court to allow plaintiff to state 'that the prices she fixed were what she would have to pay if she went on the market to buy.' "

(6) The court erred in declining to set aside the verdict and order a new trial because of the following statement made by the plaintiff's attorney in his argument to the jury:

"It is generally known or understood among the members of the Shelbyville Bar that whenever Mr. Crowell has a case that he is going to lose he goes and employs or sends for Judge Higgins."

The plaintiff, Mrs. Williams, a widow, occupied as tenant, on July 23, 1935, a residence in Bedford county, which belonged to her relative, Olin Smith.

The land across the highway from her residence belonged to the defendant, John A. Pruitt.

The house occupied by Mrs. Williams was a large frame house with a shingle roof and stood about 80 feet from the highway. The highway was macadamized and about 30 feet wide.

On Pruitt's land across the highway was a thicket or woods of about one or two acres, lying southwest of Mrs. Williams' residence, the northeast corner of the woods being 146 feet from the southwest corner of the house.

This woods was a field of one or two acres, which had been burnt off six or seven years before. There were only two or three large trees on it; the growth consisted of young trees, bushes, and briers; and an old dead snag of a tree about 15 feet high, which was set on fire and the fire burned up to its top.

Pruitt's son, who was employed by him, and another employee had been clearing up this piece of land for a week or two, placing the brush in piles.

At about 2:30 or 3 o'clock in the afternoon of July 23, young Pruitt set fire to the piles of brush in the woods. Neither Mrs. Williams nor Olin Smith had any notice of their intention to burn same. The wind was blowing briskly from the southwest towards the dwelling; and the weather had been dry for some time. As soon as the fire was started smoke and ashes were blown by the wind through the open windows of Mrs. Williams' residence. A short time afterwards young Pruitt came running from the woods to her house and told her the roof was on fire. She looked at the roof and found that it was burning, a space a few feet square, on the southwest side of the roof.

There had been no fire in the house that day except in the kitchen on the northeast side of the house; the fire in the kitchen range had been out about three hours. Young Pruitt and Mullins, the other employee of the defendant Pruitt, attempted to extinguish the fire, but were unable to do so. The house was completely destroyed. Some of Mrs. Williams' household goods were moved from the burning house, but a number of articles were burned.

The smoke house, chicken house and other outhouses northeast of the dwelling were burned by sparks carried by the wind.

1. The defendant's first assignment of error is that the court erred in refusing to charge his special request instructing the jury to disregard the second count of the plaintiff's warrant, as the evidence showed the fire was not started in a "woods" in the sense of the statute.

The second count of the warrant is a statutory count, under Code, section 5241, which is as follows:

"No person shall set fire to any woods not his own property, nor to his own without giving at least two days' notice to persons owning the adjacent lands, and also taking effectual care to extinguish such fire before it extends beyond his own lands. Any person violating any of the provisions of this section shall be guilty of a misdemeanor."

Section 5242: "Any person violating the preceding section shall also forfeit one hundred dollars to any person who will sue therefor; and shall also be liable to any part injured for all damages which may accrue therefrom."

The defendant contends that this was not a "woods" within the meaning of the statute; that it was just an old field grown up in bushes and briers.

The evidence is that this tract had been burnt off six or seven years before; that it had grown up in young trees, bushes, and briers; but there were two or three large trees on the tract, and an old rotten snag of a tree about 15 feet high.

"An old field which had formerly been cleared, inclosed, and cultivated, but the fences surrounding which were down, and the land, in the common parlance of the county, said to be 'turned out,' and grown up in broom sedge and pine bushes, some of which were as tall as a man's waist and others as high as his head, was 'woods' within the meaning of a statute imposing a penalty for setting fire to woods, etc. Such old fields are as properly contradistinguished from lands cleared and inclosed for cultivation as forest lands in their natural state. Each is a species of woods or woodland, and, as the mischief likely to result from burning the one is as great as that of the other, the statute never could have intended to make any difference between them. The word 'woods' in the statute is not confined to lands never before cleared, inclosed, or cultivated. Hall v. Cranford, 50 N. C., 3, 5." 8 Words and Phrases, First Series, p. 7515.

The court submitted the question to the jury to determine whether this was a woods or not, and the jury found that it was.

But had it been the province of the court to define the term "woods" to the jury instead of submitting the question to the jury, the submission of the matter to the jury is no ground for exception if the jury decides it right. Bolin v. State, 77 Tenn. (9 Lea), 516,

519; Minneapolis & St. Louis Ry. Co. v. Columbus Rolling-Mill Co., 119 U. S., 149, 7 S. Ct., 168, 30 L. Ed., 376.

Hence, we are of the opinion that this assignment is not well made and there was no error in the court refusing to charge the request.

2. We are of the opinion that there was evidence to support the verdict of the jury under the second and third counts of the warrant.

■ Under the second count of the warrant the plaintiff was required only to show that no notice was given that fire would be set out in the defendant's woods and that the house she occupied was set on fire by sparks from said woods. Code, section 5241; Johnson v. Barber, 5 Gilman (10 Ill.), 425, 50 Am. Dec., 416.

Under the first and third counts it was necessary for her to show negligence also on the part of the defendant.

■ We think there was sufficient evidence to take the case to the jury on the questions whether sparks were flying from the burning woods, whether the wind was blowing from the southwest and the velocity of the wind was sufficient to carry the sparks 150 feet, and whether there was sufficient circumstantial evidence to satisfy a reasonable mind that the fire was caused by sparks from the woods.

It is uncontroverted that the wind was blowing when the fire was lighted. The defendant insists that the wind was blowing from the south. But the evidence for the plaintiff is that it as blowing from the southwest, and the jury has found that it was blowing from that direction.

It is argued for the defendant that the plaintiff, Mrs. Williams, was only a tenant and not the owner of the land. She could maintain an action for the loss of her personal property on the land of another.

■ A tenant owns an interest in land for the term of the lease. Mason v. Nashville, 155 Tenn., 256, 291 S. W., 1074; City of Nashville v. Mason, 11 Tenn. App., 344; Jetton v. University of the South, 208 U. S., 489, 490, 28 S. Ct., 375, 52 L. Ed., 585.

"An action for the damages sustained must be brought by, or in the name of, the owner of the property damaged, although he need not be the owner of the freehold." 26 C. J., 587, sec. 22.

■ Having an interest in the land, she was entitled to the notice required by the statute.

Hence this assignment must be overruled.

■ 3. We are of the opinion that the statement made by Mullins to young Pruitt, "I told you not to do it," when they were attempting to put out the fire on the roof, is a part of the res gestae and admissible. "They sprang out of the principal fact, tend to explain it, were voluntary and spontaneous, and made at a time so near it as to preclude the idea of deliberate design." 10 R. C. L., 978, sec. 161.

178

■ 4. The court's charge (above quoted) on the degree of care necessary in handling fire, is correct. 11 R. C. L., 944, sec. 3; Martin v. McCrary, 115 Tenn., 316, 89 S. W., 324, 1 L. R. A. (N. S.), 530.

■ ■ 5. When the question complained of in the defendant's assignment of error, "Are the values that you would have to pay if you go to market and buy the merchandise?" was asked, the defendant excepted to same, which exception was overruled, but the plaintiff did not answer the question. She was then asked the following question: "I will ask you whether or not that is the market value that you put on those articles?" She answered: "No sir, I would not say that it was. It was below." Nothing further was asked her about the valuation on the articles she had lost. There is nothing in this assignment and it is overruled. The owner of property will be permitted to express an opinion as to the market value of his property without qualifying as an expert. 17 Cyc. 115; 22 C. J., 586; Nashville Interurban Railway Co. v. Seay, 1 Higgins, 134.

6. We are of the opinion that the remark made by the plaintiff's attorney that the defendant could not win his case; that he had a losing case—is a matter of no consequence. It is often the view of the plaintiff's attorney that the defendant has no case, and vice versa. Each side attempts to show the jury that the other side has no case. The attorney should not have made such a statement, but we do not think it influenced the jury.

■ The affidavit is filed to support this assignment of error, but there is nothing to show that this was all the evidence on the motion for a new trial. The bill of exceptions must affirmatively show that it contains all the evidence offered on motion for a new trial. Harriman & Northeastern Railroad Co. v. McCartt, 15 Tenn. App., 109.

Even when the affidavit is copied on the minutes the record must show that it was all the evidence. See opinion of this court in James C. Moore v. F. H. Young, DeKalb Law, filed January 2, 1937, at Nashville (not published).

■ ■ The defendant did not object at the time this statement of the attorney was made. This was not such an improper remark that this court will require a new trial without the remark having been objected to. See Nashville Ry. & Light Co. v. Owen, 11 Tenn. App., 19, 31. It must affirmatively appear that such an error affected the result of the trial. Ray v. Crain, 18 Tenn. App., 603, 616, 80 S. W. (2d), 113. Our opinion is that this statement was not prejudicial error.

All of the assignments of errors being overruled, the judgment will be affirmed. A judgment for $499.99 and interest from April 22, 1936, to the present will be entered in this court in favor of Mrs. Williams and against Pruitt. The costs that accrued in the lower

court is adjudged against Pruitt. The costs of the appeal are adjudged against Pruitt and the sureties on his appeal bond.

DeWitt, J., and Arnold, Sp. J., concur.