WILLIAM R. CLIFT et ux. v. FULTON FIRE INSUR-
ANCE COMPANY. —315 S. W. (2d) 9.

Middle Section.  February 28, 1958.

Certiorari denied by Supreme Court July 11, 1958.

484

Joseph L. Lackey, Nashville, for plaintiffs, Clift and wife.

Thomas G. Watkins and Sims Crownover, both of Nashville, for Fulton Fire Ins. Co.

FELTS, J.   This is a suit on a fire insurance policy on plaintiffs' household goods and personal effects for $5,000, and for 25 per cent penalty under our statute for bad faith refusal to pay (T.C.A. sec. 56-1105).   Defendant pleaded *non assumpsit, nil debit,* and a special plea charging plaintiffs had breached the condition in the policy and were guilty of fraud and false swearing in stating in their proof of loss that the value of the goods lost was $10,339.06, when in fact such value was not more than $2,500.

The case was tried before the Judge without a jury. He rendered judgment for plaintiffs for $2,500. They appealed and insist that he should have rendered judgment for them for the full amount of the policy, $5,000, plus the penalty; that the question of value was not open, because the policy was a valued policy under our "Valued Policy Law" (T. C. A. sec. 56-1137 et seq.) ; and that in any event the evidence proved that the value of the goods destroyed was largely in excess of the amount of the policy.

Plaintiffs and their five children were living in a brick residence on the Gallatin Pike, belonging to Mr. Clift's mother. They had been carrying the fire insurance on their household goods for nearly six years. The prior policy was for $7,500, and ran for three years. When it expired, they reduced the insurance to $5,000, and the present policy for that amount was issued September 24, 1952, for three years, or until September 24, 1955. On June 1, 1955, a fire destroyed the house and all its contents, including the policy, a duplicate being called for by plaintiffs and produced by defendant in this suit.

Plaintiffs gave notice and, on a form furnished by defendant's agent, made out a proof of loss, which was sworn to by each of them and to which they attached a list of each item of goods destroyed and its value, totaling $10,339.06. They submitted this proof of loss July 27, 1955, and defendant received and retained it, without any objection, for more than a year or until it filed its special plea in this suit October 5, 1956.

This policy did not cover the house but only its contents. It was an insurance on personal property alone, and therefore does not come within our "Valued

Policy Law'', which applies only to insurance on buildings or structures on land. This statute (ch. 72, Acts, 1927) was so construed in Riddick v. Yorkshire Insurance Co., 165 Tenn. 105, 110, 52 S. W. (2d) 166, 168, and must still be given the same construction, since it was re-enacted without material change (1932 Code, secs. 6172-6174; T. C. A. secs 56-1137—56-1139).

As to the value of the goods lost there was only one witness, plaintiff Mrs. Clift. It appears from her cross-examination that her husband was in bankruptcy where some question had been raised as to the value of the goods; and he did not testify in this case. Defendant called as its witness a woman who had worked two weeks as housekeeper for plaintiffs sometime before the fire, but she knew little about the goods and was not allowed to give an opinion as to their value.

In disposing of the case, as appears from the bill of exceptions, the Trial Judge said that Clift's failure to testify raised a presumption that his testimony would not help his case; and that Mrs. Clift's testimony was not very satisfactory. Thereupon, their counsel stated he would like to put Clift on as a witness. The Judge said he understood the case had been closed, and he would render judgment for plaintiffs for $1,250. Counsel then said that in its special plea defendant had admitted the goods lost were worth at least $2,500; and the Judge rendered judgment for plaintiffs for that amount.

Mrs. Clift testified that in their proof of loss they listed each item and its value, which totaled $10,339.06; and that this was the reasonable value of the goods lost. On cross-examination she stated that the goods had been

bought from time to time and some of them had been used for ten years. The Trial Judge expressed the view that she based her estimate of value largely "on cost rather than the cash value" at the time of the loss, and that for this reason her testimony was not very satisfactory.

■ The phrase "the actual cash value", in the law of insurance as well as in the law of damages, may mean "market value", or the more elastic standard of "value to the owner". If the goods are readily replaceable in a current market, "market value" is the measure; but if there is no market, or if the market value is inadequate, the proper measure is the "value to the owner", or the loss he suffers in being deprived of the goods. McCormick on Damages (1935 Ed.), 170-171; Third National Bank v. American Equitable Ins. Co. of New York, 27 Tenn. App. 249, 270-271, 178 S. W. (2d) 915, 924.

"This doctrine [of "value to the owner"] is most frequently and conveniently resorted to in cases of loss of, or damage to, articles which the plaintiff has acquired for personal or domestic use and not for business purposes, such as household goods, clothing, pictures, books, and the like. While usually these things have some slight value for sale at secondhand, this market value would be a very inadequate compensation to the plaintiff who acquired them for use, not for sale. The fact that the property was of this character, that is, used clothing or household goods intended for the owner's use, is a sufficient showing that market value as secondhand goods is an inappropriate standard, and casual holdings that proof must be made that there is no market value can hard-

ly be supported.'' McCormick on Damages, supra, 171.

■ In ascertaining the value of goods under this more elastic standard of ''value to the owner'', evidence of the original cost, of the cost of replacement, the condition of the goods, the use to which they were being put, and all other relevant facts, are to be taken into consideration. McCormick on Damages, supra; Third National Bank v. American Equitable Ins. Co. of New York, supra.

■ The goods covered by this policy were household goods, furniture, wearing apparel, and numerous other articles which had been acquired by plaintiffs for personal use of themselves and their children in their home; and the value of such goods is to be estimated not by the market value, not by what they could be sold for in the market as secondhand goods, but by the more elastic standard of ''value to the owner''.

■■ Viewing Mrs. Clift's testimony in the light of this standard, we think that it was sufficient to prove that the fair and reasonable value of the goods lost was largely in excess of the amount for which they were insured in the policy. Though not an expert, she as owner was competent to testify as to the value of the goods lost. McKinnon v. Michaud, 37 Tenn. App. 148, 160, 260 S. W. (2d) 721, 726; Pruitt v. Williams, 21 Tenn. App. 171, 178, 106 S. W. (2d) 892. She was not impeached as a witness. Though she and her husband both had been twice examined under oath by counsel for the insurer, nothing was offered to cast doubt on her trustworthiness as a witness.

It is true that her testimony was only an estimate as to the actual value of the goods lost. But that is no reason for rejecting it. The law aims at actual compensation, but it recognizes that that must often be estimated or approximated. In Provident Life & Accident Ins. Co. v. Globe Indemnity Co., 156 Tenn. 571, 576-577, 3 S. W. (2d) 1057-1058, Mr. Special Justice Ed T. Seay, speaking for the Court, said:

" *** Exact justice is not always attained, and the law does not require exactness of computation in suits that involve questions of damages growing out of contract or tort. These cases most often involve in one way or another the acceptance of evidence which is not proof against possible error or mistake."

So, we think the evidence for plaintiffs was sufficient to establish, and did establish, that the fair and reasonable value of the goods destroyed was largely in excess of the amount of the policy, $5000, and that plaintiffs were entitled to recover that amount against defendant. But we do not think they were entitled to recover the statutory penalty, since there was no proof of bad faith on the part of the insurer, or of the other facts required for recovery of the penalty. Cf. Third National Co. v. Thompson, 28 Tenn. App. 436, 449, 191 S. W. (2d) 190, 195.

Defendant contends that plaintiffs breached the condition of the policy and were guilty of fraud and false swearing in overvaluing the goods in their sworn proof of loss. This was an affirmative defense and the burden of proving it was on defendant. Vance on Insurance, 2nd Ed., 723; Phoenix Ins. Co. v. Munday, 45 Tenn. 547, 553;

Insurance Co. v. Scales, 101 Tenn. 628, 638-639, 49 S. W. 743. Defendant offered no evidence to sustain this defense. The judgment of the Circuit Court is modified as above indicated and will be affirmed. Judgment will be entered here for plaintiffs against defendant for $5,000 with interest from November 15, 1955, the date of the bringing of the suit, together with all the costs.

Hickerson and Shriver, JJ., concur.