**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,**

**v.**

**Roy HINSON, Barry Hinson & Martha Hinson, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 17, 1983.

Application for Permission to Appeal Denied May 31, 1983.

Jere Albright, Humboldt, for plaintiff-appellant.

Lloyd Adams, Memphis, for defendants-appellees.

CRAWFORD, Judge.

This is a suit by an insurance company to enforce its subrogated right to recover the amount paid under a casualty insurance policy to the owner of a cotton picker which was allegedly destroyed by fire through the negligence of the defendants. Plaintiff, Tennessee Farmers Mutual Insurance Company, appeals from a jury verdict in favor of defendants, Roy, Barry and Martha Hinson. The issues presented by the plaintiff for consideration by the court are whether the court erred in refusing to grant plaintiff a directed verdict and whether the court erred in giving certain jury instructions and in failing to give certain proposed jury instructions.

### I.

Lester Hinson, uncle of defendant Roy Hinson, owned a 1972 John Deere cotton picker that was insured by plaintiff against, among other things, the peril of fire. On

December 25, 1977, the cotton picker burned and was totally destroyed while parked, as it customarily was, at Roy Hinson's farm. Plaintiff and Lester Hinson reached a settlement under the policy in the amount of $15,000, and plaintiff became subrogated to Lester Hinson's claim for damages to the picker. Plaintiff sold the picker for salvage for $1,500 and claimed damages against defendants in the amount of $13,500 as subrogee of Lester Hinson.

On the Christmas day that the picker was burned, defendant, Barry Hinson, the 15-year old son of defendants Roy and Martha Hinson, was instructed to take some Christmas wrappings to the trash barrel and burn them. For many years it had been customary in the community for trash to be disposed of in this manner. Barry had been performing this chore since he had been large enough to carry out trash, and until this occasion the Hinsons had never had a problem with grass or anything else catching on fire from the trash burning in the barrel.

The barrel was a 55-gallon drum without a top or screen. It was located approximately 75 feet from the Roy Hinson home and approximately 200 to 225 feet from Lester Hinson's cotton picker. Barry placed the wrappings in the barrel, ignited them and returned to the house to watch television. Approximately 45 minutes later another son of Roy and Martha Hinson's, while returning home for Christmas dinner, saw the cotton picker on fire and alerted the rest of the family. By that time the cotton picker was almost totally in flames, and attempts to extinguish the fire were unsuccessful.

The weather was generally clear, and the wind was calm. Although the burned grass indicated that the fire had spread from the barrell to the cotton picker, there was no indication of what caused the fire to escape from the barrel. Roy Hinson was the one who had actually instructed Barry to perform this chore on this particular occasion, but Martha Hinson was aware that he had been so instructed. They were both aware that he was in the house watching television after having started the fire.

At the conclusion of the proof, both parties' motions for directed verdicts were overruled. The jury verdict in favor of the defendants resulted in this appeal.

## II.

A. The trial court's refusal to grant plaintiff's motion for directed verdict.

In addition to allegations of common law negligence, plaintiff alleged that the defendants were negligent *per se* because the fire had been left unattended in violation of a statute. The statute alleged to have been violated, Tenn.Code Ann. § 39–510 (1975) (now 39–3–222), provides:

> No person shall burn, or cause to be burned any pit of charcoal, or shall willfully or negligently set fire to or burn or cause to be set fire to or burned any brush, grass, leaves, or other material whereby the property of another person is endangered or destroyed unless he shall keep and maintain a careful and competent watchman in charge of said burning pit, brush, grass, leaves or other material from the beginning of said fire until it is extinguished. Any person offending against any of the provisions of this section shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished accordingly.

The plaintiff contends that since its proof showed that defendants set the fire and left it unattended, they were guilty of negligence *per se* because they had violated a statute, namely Tenn.Code Ann. § 39–510 (1975). Plaintiff further contends that since the only proof as to damages came from its witnesses who gave an opinion as to the value of the property, there is no issue of fact concerning the amount of damages.

■ The rule for determining a motion for directed verdict requires the trial judge and the reviewing court on appeal to look to all of the evidence, take the strongest legitimate view of it in favor of the opponent of the motion, and allow all reasonable inferences from it in his favor. The court must

discard all countervailing evidence, and if there is then any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. *Nicholas v. Provident Life and Accident Insurance Co.,* 61 Tenn.App. ·633, 636, 457 S.W.2d 536, 537 (1970), and many cases too numerous to list.

The proof is uncontraverted that the fire in this case was started by Barry for the purpose of burning trash, and that after the fire was started, no one stayed in attendance. Therefore, the statute was violated, because the defendants did not ". . . keep and maintain a careful and competent watchman in charge of said burning pit, brush, grass, leaves or other material from the beginning of said fire until it [was] extinguished." Tenn.Code Ann. § 39–510 ,(1975).

■ A violation of the statute is negligence in and of itself. However, in order to predicate liability on the violation of a statute, it must be shown that the violation was the proximate cause of the damage. *See Biggert v. Memphis Power & Light Co.,* 168 Tenn. 638, 643–645, 80 S.W.2d 90, 91–92 (1935); *Stinson v. Daniel,* 220 Tenn. 70, 76–77, 414 S.W.2d 7, 10 (1967).

■ Only where reasonable minds may draw but one conclusion from proven facts is the determination of the question of proximate cause for the court. *Kroger Co. v. Giem,* 215 Tenn. 459, 471, 387 S.W.2d 620, 625 (1964).

■ In the case *sub judice,* there was no eyewitness as to what caused the fire to escape from the barrel or in what manner it did so. Whether young Hinson's presence at the barrel in compliance with the statute would have prevented the fire's escape or would have resulted in the fire's extinguishment prior to damage to the picker was a question of fact for the jury to determine.

■ Plaintiff complains of the refusal of the trial court to direct a verdict not only as to liability but also as to damages. This complaint is not valid. The finder of fact has the power and duty to estimate the fair compensation due plaintiff without being bound to accept the exact amount proposed in the testimony of any particular witness. *Ford Motor Company v. Taylor,* 60 Tenn. App. 271, 290, 446 S.W.2d 521, 530 (1969).

We affirm the trial court in its refusal to direct a verdict for plaintiff.

B. The court's jury instruction of defendants' Special Request No. 2.

■ The trial court gave the jury the following instruction:

> . . . [A]s you have been previously instructed the burden rests upon plaintiff to establish by a preponderance of the evidence that the defendant was negligent as charged in the complaint. However, even if the plaintiff has established by a preponderance of the evidence that the defendants were negligent as charged in the complaint, the defendants are nevertheless not liable for the damages claimed by plaintiff if you find that the loss was occasioned by such an unusual and extraordinary manifestation of the forces of nature, that is, an act of God, that it could not under normal conditions have been anticipated or expected. Whether defendants rely on an act of God as a defense, defendants assume the burden of proof to the extent that they must prove by a preponderance of the evidence that the act of God was of such unprecedented nature that it could not under normal conditions have been anticipated or expected.

Plaintiff complains of the requested charge, because no evidence was introduced to show any "unusual and extraordinary manifestations of the forces of nature, that is, an act of God." We agree. Our review of the record fails to find any such evidence, and apparently defendants do not even contend that any such evidence existed. On the contrary, defendants contend that since it is unknown as to what caused the fire to spread, this allows an instruction by the court to the jury as to a *possible* cause, one without any evidence in the record to support it. Defendants correctly state that a verdict cannot be based on conjecture, but

it appears to the court that the conjecture involved is that of the defendants as to a possible Act of God. We disagree with defendants' contentions for two reasons: (1) plaintiff introduced sufficient proof, both direct and circumstantial, to show that the defendants set the fire, that the fire spread from the setting, and that the property was destroyed by the fire. A fact may be inferred from circumstantial evidence, and such fact may be the basis of a further inference to the ultimate or sought-for fact. *Stinson v. Daniel, supra* 220 Tenn. at 80, 414 S.W.2d at 11 (on petition to rehear); and (2) since there was no testimony on the record concerning an unusual and extraordinary manifestation of the forces of nature, the Act of God instruction should not have been given. Instructions given by the court should be directly applicable to the facts that are in evidence. *Mayor and Aldermen of Town of Morristown v. Inman,* 47 Tenn. App. 685, 691, 342 S.W.2d 71, 74 (1960). It was error for the court to give the requested instruction.

C. Other jury instructions.

■ The trial court denied plaintiff's request that the following instruction be given the jury:

I charge you, ladies and gentlemen, that failure to perform a statutory duty is negligence, *per se,* and if the injury or damage is the proximate result or consequence of this negligent act or omission, there is liability; however, [the] person suing must be such a person as is within the protection of the law and intended to be benefited thereby.

We feel that the court was correct in refusing to charge the special request. The substance of the special request was included in the general charge. *Goodall v. Crawford,* 611 S.W.2d 602, 607 (Tenn.App.1980); *Davis v. Wilson,* 522 S.W.2d 872, 880–881 (Tenn.App.1974).

■ The trial court also denied the following plaintiff's requested jury instruction:

I charge you, ladies and gentlemen, that one who has a duty to be at a particular place at a particular time cannot escape liability on the basis of lack of knowledge or warning of a danger when the very reason he is ignorant of the warnings and dangers is because of his or her negligence of abandoning the post.

The court was correct in not giving this instruction, because the charge is not applicable to the facts of this case.

■ The plaintiff's final issue stems from the trial court's denial of the following jury instruction:

It is immaterial whether the fire spread by running along the ground or sparks carried by the wind. Setting a fire under certain circumstances is prohibited because the great danger of injurious consequences. Whoever thus sets a fire must take all consequences directly and proximately resulting from the setting of the fire, which results in injuries to others or their property.

The refused portion of the charge set out is a correct statement of the law. *See Pruitt v. Williams,* 21 Tenn.App. 171, 174, 106 S.W.2d 892, 894–895 (1935). This instruction was not included in the general charge, and it is supported by the evidence introduced at the trial. The court should have given the charge.

### III.

As heretofore set out, we have found error by the trial court in charging the defendants' special request for instruction and in failing to charge a portion of plaintiff's special requests. In reviewing and considering the record as a whole, we feel that the errors involved a substantial right which more probably than not affected the verdict of the jury, and, therefore, are reversible errors. T.R.A.P. 36(b).

The judgment of the trial court is reversed, and the case is remanded for a new trial consistent with this opinion. The costs of the appeal are adjudged against the appellee for which execution may issue if necessary.

TOMLIN and HIGHERS, JJ., concur.