IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

SURINA R. CRAWFORD,

    Plaintiff,

V.

DELTA AIRLINES, INC.,
A Delaware Corporation,

    Defendant.

SHELBY CIRCUIT No. 60468 T.D.
    C.A. No. 02A01-9612-CV-00296

Hon. James E. Swearengen, Judge

**FILED**

**September 18, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

JOSEPH K. WILLCOX, Kim, Willcox & McArthur, Memphis, Attorney for Plaintiff.

EDWARD P. A. SMITH and STEPHEN P. MILLER, McDonald Kuhn, Memphis, Attorneys for Defendant.

*REVERSED AND DISMISSED*

Opinion filed:

TOMLIN, Sr. J.,

Surina Crawford (hereafter "Plaintiff") filed suit in the Circuit Court of Shelby County against Delta Airlines (hereafter "Defendant" or "Delta") seeking damages for the loss of four pieces of luggage and their contents which occurred while on a trip utilizing both Delta and another airline, Trans World Airlines ("TWA"). At trial Delta contended that its liability, if any, was limited to the sum of $1,250, as established by domestic tariff rules adopted by the airlines and incorporated by reference in its tickets. The trial court submitted the issue of Plaintiff's notice of the tariff and that of Plaintiff's alleged damages to the jury as fact issues. At the close of Plaintiff's proof and again at the close of all the proof Delta made a motion for directed verdict on the ground that Plaintiff failed to prove her damages. The trial court overruled the motion and the jury returned its verdict, finding that Plaintiff had not received adequate notice of the limitation of liability for lost property pursuant to the airline tariff and awarded Plaintiff a judgment in the amount of $6,466 as her damages. On appeal Delta has raised three issues for our consideration: Whether the trial court erred in (1)

1

holding as a matter of law that TWA was acting as an agent for the Delta; (2) refusing to limit Delta's liability to the sum of $1,250, as provided by the tariff; and (3) overruling Delta's motion for a directed verdict on the ground that Plaintiff failed to prove her damages. Inasmuch as our resolution of the third issue is dispositive of this litigation, we pretermit the first two issues and reverse and dismiss Plaintiff's suit on the ground that the trial court should have directed a verdict as to damages in favor of Defendant.

Most of the underlying facts are not in dispute. Plaintiff purchased an airline ticket from a local travel agency in Memphis for round-trip travel from Memphis to Ft. Lauderdale, Florida. On the outbound leg of the trip she traveled from Memphis to Atlanta on Delta, where she transferred to TWA for the flight to Ft. Lauderdale. Plaintiff had no trouble with her baggage on this leg of the trip.

Plaintiff's ticket was a round-trip ticket. On returning to Memphis, she checked four bags with TWA in Ft. Lauderdale. Her tickets called for her to return to Memphis from Atlanta on Delta. When she arrived in Memphis and went to the baggage claim section for her luggage, they were not there. Upon returning to the airport the following day her bags still had not arrived. She subsequently filled out a passenger property loss claim form presented to her by Delta. Several days after concluding her return flight to Memphis Plaintiff submitted the completed loss baggage claim form to Delta, which contained the following items which she sought to recover:

| ITEM | DESCRIPTION | DATE PURCHASED | COST NEW |
|------|-------------|----------------|----------|
| Luggage Set | 4 Piece Black/white tweed | | 200.00 |
| Smallest Bag | Bag of Shoes | | 660.00 |
| Next smallest bag | Bag of summer clothes | | 1,080.00 |
| Medium Bag | Warm-ups & gym clothing | | 1,426.00 |
| Largest Bag | Dress Clothing | | 3,100.00 |

2

Shortly thereafter Delta informed Plaintiff that her missing baggage had not turned up and that pursuant to the provisions of the tariff and ticket contract covering her travel Delta's liability was limited to $1,250.00. In order to settle this loss Delta tendered a check to Plaintiff for this amount, less monies previously advanced to her, which she declined.

It can be noted that from the portion of the Plaintiff's lost baggage claim form introduced into evidence, the amount of Plaintiff's claim, $6,466.00, was based upon and represented the "cost new" of the four pieces of luggage, along with their contents. As noted, the trial court permitted the issue of notice to Plaintiff of the tariff limitations as well as the damage issue to go to the jury, who found that there was inadequate notice and that Plaintiff's damages amounted to the amount set forth in her lost property claim form, namely, $6,466.00. This appeal followed.

I. The Directed Verdict Issue.

The action of a trial judge in ruling on a motion for directed verdict is one of law, and is therefore reviewed *de novo*. Adams v. Dean Roofing Co., 715 S.W.2d 341, 343 (Tenn. App. 1986). As this court stated in Hurley v. Tennessee Farmers Mut. Ins. Co., 922 S.W.2d 887, 891 (Tenn. App. 1995):

> When deciding a motion for directed verdict, both the trial court and the reviewing court on appeal must look to all the evidence, take the strongest legitimate view of the evidence in favor of the opponent of the motion, and allow all reasonable inferences in favor of that party. The court must discard all countervailing evidence, and if there is then any dispute as to any material fact, or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied.

It is clear from this record that Plaintiff, from the time she submitted her claim to Delta, to and through her testimony at trial below, stated the amount of her loss as the cost, new, of her luggage and the contents thereof. This is borne

3

out first of all by the information presented on the claim form that she filed with Delta, which she swore under oath to be "accurate, complete and true."  Her oral testimony at trial below was to the same end:

Q       . . .Now, you notice that on that form it has a cost and new, and is that what you have written at the amount -- the new     cost of each item?

A       Yes, sir.

Q       And did you fill that in?

A       No, sir.

Q       Did you know when they were purchased?

A       I cannot say when each item was purchased, I couldn't say that.

In our opinion, the measure of damages sought to be utilized by Plaintiff is not the law in this state to be applied to a loss occasioned such as this.  The proper measure of damages for the loss of personal property is the actual value of the property to the owner at the time of the loss.  Merritt v. Nationwide Warehouse Co., Ltd., 605 S.W.2d 250, 256 (Tenn. App. 1980), Cook & Nichols, Inc. v. Peat, Marwick, Mitchell & Co., 480 S.W.2d 542, 544 (Tenn. App. 1971), Clift v. Fulton Fire Ins. Co., 315 S.W.2d 9, 44 Tenn. App. 483 (Tenn. App. 1958).  This court is of the opinion that of the three cased cited above, the court in Clift explains with the greatest clarity the doctrine of ‹value to the owner.'  In Clift Plaintiff, who had suffered a loss of household goods and personal effects in a fire, testified as to the reasonable value of each item of the goods lost.  In so doing, she testified that such was her intent.  In sustaining the position on damages taken by Plaintiff, this court said:

. . .If the goods are readily replaceable in a current market, ‹market value' is the measure; but if there is no market, or if the market value is inadequate, the proper measure is the ‹value to the owner', or the loss he suffers in being deprived of the goods.

‹This doctrine [of ‹value to the owner'] is most frequently and conveniently resorted to in cases of loss of, or damage to, articles which the plaintiff has acquired for personal or domestic use and

4

not for business purposes, such as household goods, clothing, pictures, books, and the like. While usually these things have some slight value for sale at secondhand, this market value would be a very inadequate compensation to the plaintiff who acquired them for use, not for sale. The fact that the property was of this character, that is, used clothing or household goods intended for the owner's use, is a sufficient showing that market value as secondhand goods is an inappropriate standard, and casual holdings that proof must be made that there is no market value can hardly be supported.'

In ascertaining the value of goods under this more elastic standard of ‹value to the owner', evidence of the original cost, of the cost of replacement, the condition of the goods, the use of which they were being put, and all other relevant facts, are to be taken into consideration.

The goods covered by this policy were household goods, furniture, wearing apparel, and numerous other articles which had been acquired by plaintiffs for personal use of themselves and their children in their home; and the value of such goods is to be estimated not by the market value, not by what they could be sold for in the market as secondhand goods, but by the more elastic standard of ‹value to the owner'.

The proof of damages offered by Plaintiff did not comply with the law of damages under these circumstances in this state. The burden of proof was clearly on the Plaintiff to "present some approximation of the actual damages so they may be determined with some reasonable certainty by the jury." Underwood v. Waterslides of Mid-America, Inc., 823 S.W.2d 171, 184 (Tenn. App. 1991). This the Plaintiff did not do. We find as a matter of law that Plaintiff failed to properly prove her damages in accordance with law. Accordingly, the trial court erred in failing to grant Delta's motion for directed verdict. We therefore reverse the judgment of the trial court in failing to grant a directed verdict for Defendant in this case and dismiss plaintiff's suit. Costs in this cause on appeal are taxed to Plaintiff for which execution may issue if necessary.

_____
TOMLIN, Sr. J.

_____

5

CRAWFORD, P. J., W.S.    (CONCURS)

_____

HIGHERS, J.       (CONCURS)