# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### March 4, 2002 Session

## HANNAH ROBINSON v. CHARLES C. BREWER, ET AL.

**A Direct Appeal from the Circuit Court for Madison County**
**No. C99-392      The Honorable Roger A. Page, Judge**

---

### No. W2001-01745-COA-R3-CV - Filed May 3, 2002

---

This is an automobile collision personal injury case. Plaintiff-motorist was stopped in a thru-traffic lane over the crest of a hill behind a vehicle attempting to make a left turn off of the highway. The defendant-motorist came over the crest of the hill and struck the plaintiff-motorist in the rear, causing injuries to the plaintiff. Judgment was entered on a jury verdict for the defendant that the defendant was not at fault in the accident. Plaintiff appeals. We affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and D'ARMY BAILEY, SP.J., joined.

Terry Abernathy, Selmer, For Appellant, Hannah Robinson

William M. Jeter, Memphis, For Appellees, Charles C. Brewer and Charles R. Brewer

### OPINION

On November 10, 1999, plaintiff, Hannah Robinson, filed her complaint against defendants, Charles C. Brewer and Charles R. Brewer, seeking damages for personal injuries sustained in an automobile collision on November 11, 1998. The complaint alleges that plaintiff was driving her vehicle north on Highway 45 South in Madison County when it was struck in the rear by the vehicle driven by defendant, Charles C. Brewer, and owned by his father, Charles R. Brewer, causing injuries and damages to the plaintiff.

Defendants' answer admits that the defendant-vehicle struck the plaintiff-vehicle in the rear and avers that the plaintiff-vehicle was stopped in the roadway just over the crest of a hill. The answer denies the material allegations of negligence on the part of the defendant-driver and further relies upon the comparative fault of the plaintiff to bar or diminish recovery.

The case was tried before a jury on January 17, 2001, and the only witnesses to testify concerning the facts of the collision were plaintiff, Robinson, and defendant, Charles C. Brewer. Plaintiff testified that she was proceeding in a northerly direction on Highway 45 South which she described as a four-lane highway in a generally hilly area with no turning lanes. She was driving in the inside or left-hand driving lane for northbound traffic. She testified that as she approached a hill on Highway 45, a truck in front of her signaled to turn left, and after cresting the hill, she stopped behind the truck. She further stated that just a moment later the defendant-driver "came and hit me in the rear." She testified that there was a lot of traffic in both northbound lanes and that she had no trouble stopping her vehicle without striking the truck in front of her making the left-hand turn. She testified that she did not have an opportunity to get into the right-hand lane. She was unable to give any distance as to how far she was over the crest of the hill but could only say that she was slightly over the crest of the hill. She did state, however, that she felt uncomfortable with the position of her vehicle.

The defendant-driver testified that he was proceeding north at approximately 45 to 50 m.p.h. in the inside, northbound lane. He stated that as he came over the crest of the hill he saw the plaintiff-vehicle stopped in front of him. He immediately applied his brakes and cut his vehicle to the right, but the left side of his vehicle, starting right behind the front wheel, collided with the right rear of the plaintiff-vehicle. He stated that it appeared that the vehicle in front of him was about 20 yards over the crest of the hill and that he did everything he could to stop his vehicle and avoid striking the plaintiff-vehicle.

At the conclusion of the proof, plaintiff moved for a directed verdict on the issue of defendants' negligence and liability which the trial court denied. The case was submitted to the jury on the trial court's instructions, including, over plaintiff's objection, a charge concerning comparative negligence. The jury completed a jury verdict form which we quote as pertinent to the issues before us:

## JURY VERDICT FORM

We, the Jury, unanimously answer the questions submitted by the Court as follows:

1. Do you find the Defendant Charles C. Brewer to be at fault? (The Plaintiff Hannah Robinson has the Burden of Proof.)

Yes _____          No ____X_____

_____If you answer is "no", stop here, sign the verdict form and return it to the Court. If you answer "yes", proceed to question 2.

2. Do you find the Plaintiff Hannah Robinson to be at fault? (The Defendant Charles C. Brewer has the Burden of Proof.)

Yes _____          No. _____

       If your answer is "no", you have found Defendant Charles C. Brewer 100% at fault and therefore you should skip question 3 and proceed to question 4. If your answer is "yes", proceed to question 3.

3. If you have found both Plaintiff Hannah Robinson and Defendant Charles C. Brewer to be at fault, considering all the fault at One Hundred Percent (100%), what percentage of fault do you attribut to each of the parties?

      Plaintiff Hannah Robinson    _____% (0-100%)

      Defendant Charles C. Brewer _____ %(0-100%)

           Total  =  <u>0%  or  100%</u>

       If you find Plaintiff Hannah Robinson to be 50% or more at fault, stop here, sign this form and return it to the Court. A Plaintiff 50% or more at fault is not entitled to recover damages. If you find Plaintiff is less than 50% at fault, proceed to questions 4 and 5.

           *               *             *

    Judgment was entered on the jury verdict, and plaintiff's subsequent "Motion for New Trial or, in the Alternative, Motion to Have Judgment Entered in Accordance with the Plaintiff's Motion for a Directed Verdict" was denied. Plaintiff appeals and presents the following issues for review, as stated in her brief:

      1. Did the Trial Court err in not granting the Appellant's Motion for a Directed Verdict on the issue of the Appellees' negligence and liability for the injuries and damages suffered by the Appellant?

      2. Did the Trial Court err in charging and instructing the jury on the law concerning comparative negligence and/or modified comparative negligence. Included in this Issue is whether or not the Trial Court erred in submitting to the jury a jury verdict form which contained forms and language applicable to comparative negligence and/or modified comparative negligence?

Plaintiff asserts as to the first issue that the defendant-driver violated T.C.A. § 55-8-124 (a), which provides as follows:

> (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

Plaintiff also asserts that the defendant-driver was not faced with something that was unexpected, considering that there are residences along the highway with driveways for egress and ingress. She argues that "there could be absolutely no reasonable conclusion or inference but that the appellee, Charles C. Brewer, was negligent and that such negligence was not only the proximate cause of the accident, but was the sole cause of the accident and the resulting injuries." We must respectfully disagree.

Mr. Brewer, as was plaintiff, was driving his vehicle in a thru-traffic lane on a highway designed for high speed traffic. According to his testimony, he was not following plaintiff's vehicle and was proceeding well within the established speed limit for the location involved. Certainly the plaintiff was in an unenviable position, being forced to stop behind a vehicle waiting to make a left turn. However, plaintiff stated that she was uncomfortable with the position of her vehicle and apparently recognized that her position in the roadway could present an unexpected obstacle for a vehicle traveling in this thru-traffic lane.

When deciding a motion for directed verdict, both the trial court and the reviewing court on appeal must look to all the evidence, take the strongest legitimate view of the evidence in favor of the opponent of the motion and allow all reasonable inferences in favor of that party. The court must discard all countervailing evidence, and if there is then any dispute as to any material fact, or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. ***See Hurley v. Tennessee Farmers Mut. Ins. Co.***, 922 S.W.2d 887, 891 (Tenn. Ct. App. 1995)(citing ***Tennessee Farmers Mut. Ins. Co. v. Hinson***, 651 S.W.2d 235 (Tenn. Ct. App. 1983)).

From the record in this case, it appears that the jury found that under the particular facts of this case the defendant-driver was exercising reasonable and ordinary care in the driving of his vehicle and that a collision with plaintiff's vehicle was an unavoidable accident. The trial court did not err in denying the motion for a directed verdict.

In plaintiff's second issue for review, she challenges the propriety of the trial court's instruction to the jury concerning comparative fault and to follow-up by placing that issue before the jury on the jury verdict form.

The defendants relied on comparative fault in their pleadings and in the proof introduced at trial questioned whether plaintiff could have moved farther away from the crest of hill or possibly changed lanes. While it does appear to this Court that the defendants' theory of comparative fault

on the part of the plaintiff is without much force and without any proof to sustain it, it is apparent from the record that the jury never reached this issue. Plaintiff argues that merely asserting the defense by having the court instruct the jury on the defense is sufficient to create reversible error. We must respectfully disagree. The jury was clearly instructed to first decide whether the defendant motorist was guilty of fault in causing the collision. The instructions were quite clear that if the jury found that the defendant motorist was guilty of fault, then, and only then, would the jury be concerned with determining whether there was any fault on the part of the plaintiff. It is presumed that the jury considered the trial court's instructions as a whole and understood the trial court's instructions. The burden is on the complaining party to show otherwise. *See Bass v. Barksdale*, 671 S.W.2d 476 (Tenn. Ct. App. 1984). We must presume that the jury followed the instructions unless the complaining party shows otherwise. *See Perkins v. Sadler*, 826 S.W.2d 439, 443 (Tenn. Ct. App. 1991).

There simply is nothing in the record to indicate that the jury did not follow the instructions of the court to first consider the issue of fault on the part of the defendant motorist. The jury did what it was instructed to do and never reached any issue concerning fault on the part of the plaintiff. If the court was in error in instructing the jury concerning comparative fault on the part of the plaintiff, it was harmless error.

Accordingly, the judgment of the trial court on the jury verdict is affirmed. The case is remanded to the trial court for such further proceedings as are necessary. Costs of the appeal are assessed against the appellant, Hannah Robinson, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.