**Boyce McCALL, Sr., et al.**

v.

**Ernest BENNETT, et al.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

June 19, 2007 Session.

June 27, 2007.

Rehearing Denied July 18, 2007.

Permission to Appeal Denied by
Supreme Court Oct. 15, 2007.

Boyce McCall, Sr., Knoxville, Tennessee, pro se appellant.

Debra A. Thompson, Knoxville, Tennessee, for the appellees, Ernest Bennett and Laker Express, Inc.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

In this appeal from the trial court's judgment based upon a jury verdict denying plaintiff's suit for personal injuries, the plaintiff raises multiple issues and requests that the case be remanded for new trial. We affirm the trial court's judgment upon our determination that the jury's verdict was supported by material evidence and that all other issues were waived as a result of the plaintiff's failure to preserve them by contemporaneous objection or by motion for new trial.

The original complaint in this case, filed by Boyce McCall, Sr. and his wife against Ernest Bennett and Laker Express, Inc., alleged that on April 16, 1997, Mr. McCall was driving his van east on highway I–640 in Knox County when Mr. Bennett, who was then driving a tractor trailer truck on behalf of his employer, Laker Express, Inc. (hereinafter "Laker Express"), "suddenly came upon [Mr. McCall], tailgating and riding his bumper, blowing his horn in an attempt to force [him] out of his path ... forced him into another lane of traffic and then came over upon [Mr. McCall] striking his vehicle." The complaint charged that Mr. Bennett was negligent in the operation of his vehicle and sought damages for personal injuries allegedly sustained by Mr. McCall as a consequence.

The case came on for trial by jury in October of 2006, after which, pursuant to the jury's verdict that Mr. Bennett was not negligent, the trial court entered judgment dismissing Mr. McCall's complaint with prejudice. Thereafter, Mr. McCall filed a motion for new trial, and Mr. McCall's attorney filed a motion to withdraw as the McCalls' counsel, to which Mr. McCall responded by motion in opposition. After a hearing on all of these motions, the trial court entered its final order denying the motion for new trial and granting the McCalls' attorney's motion to withdraw. This appeal by Mr. McCall followed.

In his brief, Mr. McCall purports to present no fewer than thirty-three issues for our consideration in this case. However, our review reveals a significant degree of overlap and repetition in Mr. McCall's articulation of the issues and therefore, we restate the issues as follows:

1) Whether the trial court erred in its instructions to the jury.

2) Whether the trial court conspired with attorneys for Mr. Bennett and Laker Express to deprive Mr. Boyd of his right to a fair and impartial trial.

3) Whether the trial court erred in denying Mr. McCall's motion requesting that the trial court recuse itself.

4) Whether the trial court erred by allowing the attorney for Mr. Bennett and

Laker Express to falsely testify as to matters not in evidence.

5) Whether the trial court erred in denying Mr. McCall's motion to correct the trial record under TRCP 60.02.

6) Whether the trial court erred in granting Mr. McCall's attorney's motion to withdraw from representation of the McCalls.

7) Whether the trial court erred by allowing Mr. Bennett's attorney to testify in his absence.

8) Whether the trial court erred in instructing Mr. McCall not to comment in front of the jury on Mr. Bennett's absence from trial.

9) Whether the trial court erred in excusing Mr. Bennett from testifying before the jury.

10) Whether the trial court erred in stating that pro se plaintiffs should not be in Circuit Court.

11) Whether the trial court erred by misstating that a certain individual was a witness in the case.

12) Whether the trial court erred by allowing counsel for Mr. Bennett and insurance company "to avoid the proper procedure" at a proceeding on November 7, 2003.

13) Whether the trial court erred "by protecting counsel [for Mr. Bennett and Laker Express] from sanctions."

14) Whether the trial court erred by "allowing the Defendants' counsel to encourage the Plaintiffs' counsel to doctor material documents previously filed with the Court."

15) Whether the trial court erred in instructing counsel for Mr. Bennett and Laker Express.

16) Whether Mr. McCall was deprived of rights guaranteed him under either the Tennessee Constitution or the United States Constitution.

Although we believe the foregoing constitutes an accurate and complete restatement of the issues set forth at that portion of Mr. McCall's brief designated "STATEMENT OF THE ISSUES PRESENTED FOR REVIEW," it appears that elsewhere in his brief, Mr. McCall indicates that he also requests that we consider the issue of whether the jury's verdict was adequately supported by proper evidence presented at trial.

■ We begin our analysis by noting that Tenn. R.App. P. 3(e) provides in pertinent part as follows as to the waiver of issues not presented in a motion for new trial:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

*See also Fahey v. Eldridge,* 46 S.W.3d 138, 141 (Tenn.2001), ("It has long been the rule that in order to preserve errors for appeal, the appellant must first bring the alleged errors to the attention of the trial court in a motion for new trial") (citing *Memphis St. Ry. Co. v. Johnson,* 114 Tenn. 632, 88 S.W. 169 (1905)).

The motion for new trial that Mr. McCall filed in this case provided as follows:

> This cause came before this court on October 2nd, 2006, and was heard by a jury panel of twelve sworn citizens of Knox County, Tennessee. The jury held

for the defendants after two days of trial.

The plaintiffs provided undisputed evidence unto the jurors and court on October 2, 2006 that clearly supports the testimony of plaintiff BOYCE McCALL that he was assaulted by the defendant ERNEST BENNETT on I–640 east on April 16, 1997.

The defendant ERNEST BENNETT was not in court at any time during the entire trial and failed to deny the allegations lodged against him by the plaintiffs of his negligence that caused the injuries to the plaintiff BOYCE McCALL.

The jury, having heard the closing argument of Counsel for the defendant, Ms. Debra Thompson, carry out her highly inflammatory and false statements about the plaintiff Boyce McCall, was blinded to the evidence placed upon the table for them to consider.

Ms. Debra Thompson's conduct during her closing argument was not in the keeping of RPC 8. OF ETHICAL STANDARDS @ PREAMBLE (1) ET SEQ,

Ms. Debra Thompson during her highly inflammatory and false statements about the defendant BOYCE McCALL, caused the jury to neglect their sworn duty to consider only evidence before them. See *Sparks v. State*, 563 S.W.2nd 564, 569–70, State v. Sutton, 562 S.W.2nd 820, 823 (Tn.1978), Harrington v. State, 385 S.W.2nd 758, 759 (1965).

Accordingly, the plaintiffs BOYCE McCALL, SR. and JO ELLA McCALL request the Court to set aside the verdict reached by the jury on October 3, 2006, due to the misconduct of Ms. Debra Thompson and to tax all costs to the defendants ERNEST BENNETT and LAKER EXPRESS INC., and grant a new trial with a different circuit judge or chancellor pursuant to Rule 59.06 TRCP.

It is our determination that of all the issues set forth by Mr. McCall in his brief, only the following two were raised by motion for new trial, and all but these two issues are deemed waived for that reason:

1) Whether the trial court erred by allowing the attorney for Mr. Bennett and Laker Express to make false and inflammatory statements during her closing argument with respect to matters not in evidence.

2) Whether the jury's verdict was adequately supported by evidence presented at trial.

Although the issue of whether the trial court erred by allowing the attorney for Mr. Bennett and Laker Express to make false and inflammatory statements in her closing argument was raised in Mr. McCall's motion for new trial, no objections were raised during her closing argument to any statements made at that time. As we recently ruled in *Ward v. Glover*, 206 S.W.3d 17, 39 (Tenn.Ct.App.2006), an issue regarding the propriety of statements made by opposing counsel during closing argument is waived if raised for the first time in a motion for new trial. "The law is well-settled in this state that '[a]n objection to the remarks or conduct of counsel must be made at the trial and a ruling had thereon, or they will not be considered on appeal.'" *Id.* (quoting *Lee v. Lee*, 719 S.W.2d 295, 299 (Tenn.Ct.App. 1986)). *See also Marress v. Carolina Direct Furniture*, 785 S.W.2d 121, 126 (Tenn. Ct.App.1989). In ruling on this issue, we find it unnecessary to recite Mr. McCall's allegations as to any specific statements made by defense counsel during her closing argument given the absence of a contemporaneous objection to *any* statements she made at that time. Accordingly, this issue is also deemed waived.

As regards the remaining issue of whether the jury's verdict was adequately supported by the evidence, Mr. McCall apparently contends that the jury would not have reached a verdict in favor of Mr. Bennett and Laker Express had it properly considered the evidence presented at trial and that its failure to do so warrants reversal and a new trial. We respectfully disagree.

Under Tenn. R.App. P. 13(d), it is provided that "[f]indings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." The Tennessee Supreme Court reiterated this rule in *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 898 (Tenn.1992), stating, "It is well established that when reviewing a judgment based on a jury verdict, appellate courts are limited to determining whether there is material evidence to support the verdict." In an earlier case, the Tennessee Supreme Court had stated as follows:

> It is the time honored rule in this State that in reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence or to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict; and in determining whether there is material evidence to support the verdict, the appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury.

*Crabtree Masonry Co. v. C. & R. Constr., Inc.*, 575 S.W.2d 4, 5 (Tenn.1978).

The Tennessee Supreme Court has defined "material evidence" as "evidence material to the question in controversy, which must necessarily enter into the consideration of the controversy and by itself, or in connection with the other evidence, be determinative of the case." *Knoxville Traction Co. v. Brown*, 115 Tenn. 323, 89 S.W. 319, 321 (Tenn.1905). One legal dictionary further defines "material evidence" as "evidence having some logical connection with the consequential facts or the issues." BLACK'S LAW DICTIONARY 578 (7th ed.1999). The determinative issue before the jury in this case was whether Mr. McCall sustained personal injury as the result of a collision between his van and a truck that Mr. Bennett was operating in an allegedly negligent manner. The following testimony by Mr. Bennett was introduced at trial and constitutes material evidence supporting the jury's verdict in favor of Mr. Bennett and his employer in regard to that issue:

Q Do you recall ever coming in contact with [Mr. McCall's] vehicle?

A No.

Q Do you deny that? That you did?

A Yes.

MR. BAKER: Answer "yes."

Q Could it have been possible?

A No.

This testimony alone constitutes material evidence warranting our affirmation of the jury's verdict. Although Mr. McCall presented evidence at trial that he suffered injury as a result of Mr. Bennett's negligence and passionately argues for reversal of the jury's verdict, it is apparent that the jury chose instead to believe the evidence offered on behalf of Mr. Bennett and his employer. As we have noted, legal precedent prohibits this Court from re-

weighing the evidence, and we must defer to the jury's decision given any material evidence in support of same.

For the reasons stated herein, the judgment of the trial court is affirmed. Costs of appeal are assessed to the appellant, Boyce McCall, Sr.