# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 10, 2013 Session

# GERALD WALLACE ARDRY ET AL. V. HOME DEPOT U.S.A., INC.

### Appeal from the Circuit Court for Giles County
### No. CC11072    Robert Lee Holloway, Jr., Judge

### No. M2012-02667-COA-R3-CV - Filed July 10, 2013

In this case arising out of a car accident, the defendant challenges the jury verdict in favor of the plaintiffs on several bases, including comments and arguments of plaintiffs' counsel and the evidence regarding loss of earning capacity. We find no reversible error and affirm the judgment of the trial court in accordance with the jury's verdict.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., and RICHARD H. DINKINS, JJ., joined.

Cyrus Lucius Booker, Nashville, Tennessee, for the appellant, Home Depot U.S.A., Inc.

J. Anthony Arena, Brentwood, Tennessee, for the appellee, Gerald Wallace Ardry.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2007, a bucket truck driven by plaintiff Gerald Wallace Ardry collided head on with a heavy duty truck driven by a Home Depot employee. Mr. Ardry and his wife filed suit against Home Depot and its driver for personal injuries and loss of consortium resulting from the negligent actions of the driver. The plaintiffs nonsuited as to the driver, and Home Depot agreed to accept fault for the accident prior to trial.

The case was tried before a jury over three days in June 2012. The plaintiffs put on testimony from Mr. Ardry; Dr. Vaughan Allen, treating neurosurgeon; Dr. David Sharp, an economist; a representative of Home Depot; Mr. Ardry's wife; and a person whose son played on Mr. Ardry's baseball team. Home Depot put on the deposition testimony of its

medical expert, Dr. William Brewer. The jury returned a verdict in favor of the plaintiffs in the total amount of $809,241.24; out of this total, the jury awarded $643,000.00 for loss of earning capacity. The trial court entered judgment in accordance with the jury verdict. On August 6, 2012, Home Depot filed a motion for new trial, but the trial court denied the motion. Home Depot then appealed.

The issues presented by Home Depot on appeal are whether the trial court erred in denying its motion for new trial because (1) the trial court improperly deferred to the jury and failed to independently weigh the evidence in its role as thirteenth juror, (2) plaintiffs' counsel made improper comments and arguments to the jury, and (3) the evidence did not support the verdict as to loss of earning capacity. The plaintiffs argue that this is a frivolous appeal.

ANALYSIS

(1)

Home Depot's first argument is that the trial court did not properly fulfill its role as thirteenth juror because the court deferred to the jury and failed to independently weigh the evidence.

In ruling on a motion for new trial, the trial court acts as thirteenth juror; therefore, it "must independently weigh the evidence, determine the issues presented, and decide whether the jury's verdict is supported by the evidence." *Dickey v. McCord*, 63 S.W.3d 714, 718 (Tenn. Ct. App. 2001). On appeal, "our review is limited to determining whether the trial court properly reviewed the evidence and was satisfied or dissatisfied with the verdict." *Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 104 (Tenn. Ct. App. 1996). Our review shall not extend to the "accuracy of the trial court's determination as thirteenth juror." *Id.* When the trial court does not give a reason for its action, a reviewing court must presume that the trial court properly performed its role as thirteenth juror. *Dickey*, 63 S.W.3d at 718; *Mize v. Skeen*, 468 S.W.2d 733, 736 (Tenn. Ct. App. 1971).

A trial court's decision to grant or deny a motion for a new trial is discretionary and will be disturbed only upon an abuse of discretion. *McLemore ex rel. McLemore v. Elizabethton Med. Investors, Ltd. P'ship*, 389 S.W.3d 764, 793 (Tenn. Ct. App. 2012). The judgment should be reversed and a new trial ordered only if the record includes "statements that the trial court was dissatisfied with or disapproved of the jury's verdict or when the trial court absolved itself of or misconstrued its function as the thirteenth juror." *Dickey*, 63 S.W.3d at 719.

After the jury returned its verdict at trial, the trial court stated: "First of all, I'm going to affirm the verdict as the 13th juror." Home Depot filed a motion for new trial. In its order denying the motion for new trial, the trial court gave no statement of its reasons. At the hearing, the trial court made some comments from the bench; on appeal, Home Depot picks out some of these comments to support its argument that the trial court deferred to the jury and failed to independently weigh the evidence. It is important to note that Home Depot's motion for new trial was based on several arguments: that the verdict was excessive, that the verdict was internally inconsistent, and that improper statements made by counsel necessitated a new trial. With respect to the court's role as thirteenth juror, however, our review is limited to the issue of whether the court indicated dissatisfaction or disapproval of the verdict or misconstrued its function as thirteenth juror. *Id.*

Home Depot points to general comments made by the trial court that the case was "hard-fought" by counsel, that the defense's trial tactics "backfired" with the jury, or that the jury accepted the arguments of plaintiffs' counsel. Such comments do not reflect a misunderstanding by the trial court of its role or disapproval of the verdict. Cases cited by Home Depot involved statements by the trial court reflecting a mistaken understanding of its duty to independently weigh the evidence. *See Holden v. Rannick*, 682 S.W.2d 903, 906 (Tenn. 1984) (including statements that the court would not substitute its judgment for that of the jury); *Miller v. Doe*, 873 S.W.2d 346, 349 (Tenn. Ct. App. 1993) ("I'm not inclined to interfere with the verdict of the jury," other comments showing deference to the jury's verdict).

At the end of the hearing on the motion for new trial, the trial court made a ruling from the bench. Home Depot focuses on isolated statements made during this ruling. Because it is important to understand the context of the court's statements, we set out the court's ruling in its entirety, with the exception of introductory comments regarding the case and the attorneys. Statements cited by Home Depot in its thirteenth juror argument appear in italics:

> The problem with the verdict that I foresee that you are saying is that the 643 [$643,000 awarded for lost earning capacity] was not supported by the evidence. I'll get to the statement of counsel in a moment.
>
> Well, again, as I alluded to earlier, Home Depot, for whatever reason, decided to attack Dr. Sharp and his methodology of arriving at the damages, rather than to hire their own expert and rebut that testimony. *And the jury apparently—and I can see, I think, why—based on the testimony, took the plaintiffs' position that Dr. Sharp's opinions were supported by the hypotheticals that he used to arrive at it. I think they felt that way.*

Then next, the plaintiffs decided to attack—I mean, the defendants decided to attack the plaintiff himself, Mr. Ardry. And Mr. Ardry came across as someone who's worked all his life, and he applied for all types of jobs—I don't remember the CDL exactly and why he didn't do that; I know it came up—but came across as someone to me that had tried to get a job since he was terminated by the 23-year employer, based on his restrictions from this injury.

And third, I think that the jury–why Home Depot decided the trial tactic to deny liability for X number of years in a head-on collision where the Home Depot driver went across the center line, I don't know. I don't know what the jury—I don't know if that hurt Home Depot's arguments on the other things or not. But the plaintiff argued to the jury that they did deny liability in the answer and did not admit liability until shortly before trial. And the jury—you know, that may have hurt the credibility of the arguments Home Depot was making concerning the plaintiff and concerning Dr. Sharp. But, anyway, those are just comments about the trial.

I do not find the verdict excessive. The $643,000 in lost future earnings were based on testimony of an expert that was duly qualified. He was cross-examined vigorously by the defendants, and the jury chose to accept his testimony.

The problem with the verdict statement may be stated in a way that's not appropriate. I certainly think it was harmless. I think the testimony was that it was between the 643 and 698 rounded off. And that was supported by the evidence, and they argued that they should base it on what the evidence showed. And *the jury could have rejected Dr. Sharp's opinions, based on the instructions that they were given and based on the cross-examination by Ms. Busbee, but they chose not to.*

As far as being inconsistent, I think it was consistent—maybe it was rounded off slightly—with Dr. Sharp's testimony, the minimum value that he gave the lost earnings.

As far as remittitur, *I'm not sure the Court would have given less than the jury gave. It depends on whether the Court bought Dr. Sharp's testimony.* And I thought he testified based on hypotheticals that were based on the facts that were proven in the case and that were supported. And he had the credentials to testify to it. So I'm going to deny the remittitur.

(Emphasis added).

The statements emphasized by Home Depot from the court's ruling have to do with the credibility of Dr. Sharp. One of a judge's functions as thirteenth juror is to assess the credibility of witnesses. *Michelsen v. Stanley*, 893 S.W.2d 941, 945 (Tenn. Ct. App. 1993); *Grissom v. Metro. Gov't of Nashville & Davidson Cnty.*, 817 S.W.2d 679, 683-84 (Tenn. Ct. App. 1991). The trial court's statements do not indicate that the judge disagreed with the jury's crediting of Dr. Sharp's testimony. Rather, the trial court notes that the hypothetical questions presented to Dr. Sharp were supported by the evidence and that he had the credentials to testify. Moreover, the trial court stated that, "I do not find the verdict excessive," and observed that the award for lost earnings was "supported by the evidence." Overall, after reviewing the trial court's entire ruling, we find no error in the court's fulfillment of its role as thirteenth juror.

(2)

Home Depot next asserts that the trial court erred in denying its motion for new trial based upon improper comments and arguments to the jury made by plaintiffs' counsel.

Trial courts are given "wide latitude with regard to their control of arguments of counsel." *Elliott v. Cobb*, 320 S.W.3d 246, 249 (Tenn. 2010). These decisions are within the court's discretion and are reviewed under the abuse of discretion standard. *Id.* A reviewing court will not ordinarily interfere with the trial court's discretion with regard to improper argument of counsel "unless the argument is clearly unwarranted and made purely for the purpose of appealing to passion, prejudices and sentiment which cannot be removed by sustaining the objection of opposing counsel." *McRedmond v. Estate of Marianelli*, No. M2004-01496-COA-R3-CV, 2006 WL 2805158, at *19 (Tenn. Ct. App. Sept. 29, 2006) (citing *Perkins v. Sadler*, 826 S.W.2d 439, 442 (Tenn. Ct. App. 1991)). Moreover, if the opposing party does not make an objection to an attorney's remarks or conduct during the trial, the failure to timely object generally constitutes a waiver of the issue. *McCall v. Bennett*, 243 S.W.3d 570, 573 (Tenn. Ct. App. 2007); *Ward v. Glover*, 206 S.W.3d 17, 39 (Tenn. Ct. App. 2006). A contemporaneous objection gives the trial court the opportunity to caution counsel and to issue a curative instruction to the jury when necessary. *See State v. Jordan*, 325 S.W.3d 1, 55 (Tenn. Crim. App. 2010). An exception to the requirement of an objection has been recognized in egregious cases in which it "affirmatively appear[ed] that such an error affected the result of the trial." *Pruitt v. Williams*, 106 S.W.2d 892, 897 (Tenn. Ct. App. 1937); *see also Nashville Ry. & Light Co. v. Owen*, 11 Tenn. App. 19, 32-33 (1929).

The statements of plaintiffs' counsel to which Home Depot assigns error are the following:

-5-

(A) In closing arguments, plaintiffs' counsel made the following statement regarding loss of earning capacity:

I would ask that you stay between the 643 [$643,000] and the 698 [$698,000] because, if you come back with a figure lower than that they are going to say, Well, that wasn't even the proof. How did they get to a number lower than that? Please don't go any higher than 698, if you do go higher, because those will be things that might be—cause problems in the future with your verdict, and I don't want it to be destroyed. Good, bad or ugly, whatever it is, I don't want it to be destroyed.

Home Depot asserts that this statement, which it characterizes as a "threat," was improper because it "asked the jury to consider its own interest in seeing that there would not be 'problems in the future with your verdict.'" Home Depot further argues that the statement "misled the jury into the belief that there was a maximum and minimum verdict that was required."

In denying Home Depot's motion for a new trial, the trial court stated that, while these comments may not have been "appropriate," they were harmless. The plaintiffs' expert testified that the lost future earnings were between approximately $643,000 and $698,000. As the trial court observed, the expert's numbers were "supported by the evidence," and the plaintiffs argued that the jury should base its verdict "on what the evidence showed."

When plaintiffs' counsel made this statement during closing arguments, Home Depot failed to object. We agree with the trial court that plaintiffs' counsel was essentially urging the jury to base its verdict upon the evidence. We find nothing in the record to indicate that these comments affected the outcome of the trial. *See Pruitt*, 106 S.W.2d at 897. Therefore, we consider this issue waived. *See McCall*, 243 S.W.3d at 573.

(B) Home Depot argues that, during closing arguments, plaintiffs' counsel improperly interjected his personal opinion; in support of this assertion, Home Depot cites the following statements of plaintiffs' counsel:

• But the expert is the one who does that [calculates loss of earning capacity]. And he's testified before. You've got to judge his credibility. I had never met him before yesterday. You-all saw him the first time I did. He seemed believable to me.

• It's hard not to, when you really care about somebody, if somebody attacks your spouse, for example, if they attack their character, their

-6-

credibility, it's hard not to take that personally, almost. It's hard for me, as an attorney who has met with the clients, to not—I've got to separate myself but not take it personally when their credibility is attacked over and over.

Home Depot takes the position that, in making these comments, plaintiffs' counsel "vouched for the credibility of Mr. Ardry and his expert witness."

Once again it must be emphasized that Home Depot made no objection to these statements during the closing arguments. Plaintiffs' counsel stated that it was for the jury to assess credibility. We consider this issue waived.

(C) Home Depot next asserts that plaintiffs' counsel made improper "attacks" on Home Depot and its counsel throughout the trial. In support of this argument, Home Depot cites the following statements:

• And let's go to their answer. Denied, denied, denied. There's not been an amended complaint filed. I'm not going to spend a lot of time on this anymore, but three weeks ago they stipulated to fault after about four and a half years after this wreck occurred.

• She [defense counsel] knows this case. She's been working on it. She's been trying it as a lawsuit. Why does she get up here and tell you that? Confuse the jury, question everything, and prove nothing. It's not confusion, it's an outright mistruth. She's right, it's a loss of credibility today.

• If you approve—I don't mean to get emotional, I'm sorry. But if you approve of their methods, then give us $50,000. We're not asking you to punish anybody, I'm just showing you how they did it. Regardless of how they've acted throughout this whole litigation, forget that this is not a punishment, this is a repayment for the harms and losses they've caused.

Home Depot also points to questions by plaintiffs' counsel to Home Depot's corporate representative, Dale Anderson, as to why Mr. Anderson was appearing at the trial rather than certain Home Depot employees, whether the company would be willing to offer Mr. Ardry a job at a salary of $47,000, and what the company did to show that it cared about Mr. Ardry after the accident.

Home Depot argues that these statements and questions constituted attacks on Home Depot and its counsel and interjected irrelevant and prejudicial matters into the trial. During the trial, however, Home Depot did not object to any of the statements and questions to which it now assigns error. We consider these issues waived.

(D) Home Depot asserts that plaintiffs' counsel improperly asserted facts not in evidence in its opening and closing arguments. It cites the following statements:

- You can have degenerative disc disease and arthritic changes that are coming in. If you're over 30, you probably will hear testimony that you probably have it and don't know it.

- All of us have some form of degenerative disk disease over a certain amount of age. You can have it and be totally unaware that you have it.

- Let me give you another example of what can be done in cases like this. I had a friend of mine who called me, he was in a car wreck. . . . And so I'll tell you what I told him. I said, You're okay. I said, Are you at fault? He said, Yes. He said, Should I not say anything? I said, No. You go tell them that you're responsible for that. You go check on her. And you go to the hospital, you go visit her, you go take care of her. You go cut her grass, you send her food, you take care of her, and you do it with sincerity from your heart, because when you do that the need for lawsuits actually will go away.

Home Depot takes the position that these statements constituted fact testimony by plaintiffs' counsel.

As the plaintiffs point out, there was medical expert testimony consistent with counsel's statements concerning degenerative disc disease; and the anecdote concerning counsel's friend was offered as an analogy, not as fact testimony. In any event, Home Depot did not object to these comments during the trial, and we consider them to be waived.

When we consider the totality of the statements to which Home Depot assigns error on appeal, we find no reversible error. Having reviewed the entire transcript, including the jury instructions, we find no basis for concluding that these comments affected the outcome of the trial and should be grounds for reversal even without any objections during the trial. Under Tenn. R. App. P. 36(a), an appellate court may decline to grant relief where a party failed to take reasonably available action to prevent or nullify the effect of an error.

Home Depot argues that the trial court erred in granting a new trial on the basis that the evidence did not support the jury verdict as to lost wages.

In reviewing a trial court's denial of a motion for a new trial based on the sufficiency of the evidence, we must determine whether there is any material evidence to support the verdict. *Shropshire v. Roach*, No. M2007-02593-COA-R3-CV, 2009 WL 230236, at *3 (Tenn. Ct. App. Jan. 30, 2009). Under the material evidence standard of review, we are required "to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary." *Crabtree Masonry Co. v. C & R Constr., Inc.*, 575 S.W.2d 4, 5 (Tenn. 1978).

The jury's award of $643,000 in damages for lost earning capacity was based upon the testimony of the plaintiffs' expert witness, Dr. Sharp. On appeal, Home Depot argues that Dr. Sharp's calculation was "based on numerous assumptions . . . that the jury was not required to accept and which were not supported by the evidence." These assumptions, Home Depot asserts, included "that Mr. Ardry would never earn more than $8.50 per hour, that he would never obtain a job that included benefits and that he would never be able to obtain a job utilizing his CDL or other skills and training." In challenging the evidence upon which the expert based his testimony, Home Depot argues that, based on Mr. Ardry's work history after the accident, the work restrictions imposed by Dr. Allen, and his skills, Mr. Ardy could obtain more lucrative employment.

As stated above, we must determine whether there is any material evidence to support the verdict. Dr. Sharp calculated lost earning capacity using two different scenarios. Under the assumption that Mr. Ardry would find and return to full time employment at $8.50 per hour with benefits, Dr. Sharp calculated economic damages to be $643,167.00. Based upon a study regarding the employment of persons with disabilities, Dr. Sharp calculated economic damages to be $698,115.00. Dr. Sharp explained his methodology for reaching these figures, and the jury adopted the first scenario in awarding $643,000.00 for lost earnings.

The arguments made by Home Depot regarding the sufficiency of the evidence turn in large part upon the credibility of the witnesses. Under the material evidence standard of review, we take "the strongest legitimate view of all the evidence in favor of the verdict" and "assume the truth of all that tends to support it." *Crabtree Masonry*, 575 S.W.2d at 5. As the trial court pointed out in its oral ruling denying the motion for new trial, the jury's award for lost future earnings was based on Dr. Sharp's testimony, and "the jury chose to accept his testimony." In accepting Dr. Sharp's testimony, the jury implicitly credited the assumptions

upon which that testimony was based; those assumptions, in turn, were based in large part upon Mr. Ardry's testimony about his efforts to find work and his physical symptoms and restrictions.

We find that there is material evidence to support the jury's award for lost earnings.

We decline the plaintiffs' request to find this to be a frivolous appeal.

CONCLUSION

We affirm the judgment of the trial court in all respects.  Costs of appeal are assessed against Home Depot, and execution may issue if necessary.


_____
ANDY D. BENNETT, JUDGE